IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHERYL L. JOHNSON,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-11-259-KEW
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

## OPINION AND ORDER

Plaintiff Cheryl L. Johnson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 1, 1962 and was 46 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant worked in the past as a cashier at a truck stop. Claimant alleges an inability to work beginning August 14, 2006 due to limitations resulting from

diabetes mellitus with neuropathy, degenerative disc disease of the lumbar spine post surgery, pain, side effects from medications, diminished eyesight, carpal tunnel syndrome, and migraine headaches.

## Procedural History

On August 18, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On November 7, 2008, an administrative hearing was held before ALJ Lantz McClain in Sallisaw, Oklahoma.  On January 29, 2009, the ALJ issued an unfavorable decision.  On June 10, 2009, the Appeals Council denied review of the ALJ's decision.  Claimant appealed the denial and obtained a reversal and remand on appeal in this Court on August 24, 2010.  On March 9, 2011, a supplemental hearing was held before ALJ Osly F. Deramus in Poteau, Oklahoma.  On May 31, 2011, the ALJ issued another unfavorable decision.  The Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential

evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly discounting Claimant's treating physician's Attending Physician's Statement; and (2) failing to reach a proper RFC.

## Evaluation of the Treating Physician's Opinion

Claimant first contends the ALJ failed to properly consider the opinion of her treating physician, Dr. Christina Jefferson. Dr. Jefferson completed multiple Attending Physician's Statements. In the first undated Statement which this Court discussed in its prior decision, Dr. Jefferson writes on the statement that Claimant would need to take unscheduled breaks in an 8 hour workday; would experience "good days" and "bad days"; would be absent from work more than four days per month; is not capable of working 8 hours per day and a 40 hour work week; is not expected to make a fundamental or marked change for the better in the future; cannot use her feed for repetitive movements such as for foot controls; cannot use her hands for repetitive actions, simple grasping, pushing and pulling, and fine manipulation. She added a comment

"dropping things."  (Tr. 361).

In a second Statement completed September 16, 2008, Dr. Jefferson found Claimant suffered from various conditions then estimated the effect these conditions would have upon Claimant's ability to work.  She stated Claimant would need to take unscheduled breaks in an 8 hour workday, have "good days" and "bad days", likely to be absent from work as a result of the impairments or treatment more than 4 days per month, is not capable of working 8 hours per day and 40 hours per week, is not expected to experience a change of the better in the future, could not use her feet for repetitive foot movements, and could not use her hands for simple grasping, pushing and pulling, and fine manipulation.  Under the "comments" section of the Statement, Dr. Jefferson stated "dropping things."  (Tr. 361).

Dr. Jefferson completed an identical Statement dated September 16, 2008.  (Tr. 275).  On September 9, 2010, Dr. Jefferson completed another such Statement with the only difference being the omission of the "dropping things" comment.  (Tr. 755).

The ALJ concluded that Dr. Jefferson's statements are not supported by the medical evidence.  He concluded

> With due deference to the "treating physician rule", the undersigned is unable to give much weight to Dr. Jefferson's disability statements because they are not supported by appropriate clinical/diagnostic findings

6

>that appear of record (including those of other reporting
>medical providers), because they are inconsistent with
>the preponderance of the credible evidence of record, and
>because of all of the other factors discussed supra.

(Tr. 375).

The ALJ evaluated Dr. Jefferson's opinions under the factors found in the regulations and in the case of <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir. 2003). The ALJ's analysis was extensive. He essentially rejected Dr. Jefferson's opinions stated in the multiple Attending Physician's Statements because (1) while Dr. Jefferson had a "bona fide treatment relationship" with Claimant, the actual medical findings in her progress notes do not support her opinion on disability reflected in the Attending Statements; (2) the Attending Statements' "check-off" disability opinion is deficient because it does not have any supporting medical documentation; (3) no medical evidence from any other physician supports the degree of functional limitation set forth by Dr. Jefferson; and (4) Dr. Jefferson's disability opinion invades the province of Defendant and the vocational expert witness.

This Court has reviewed Dr. Jefferson's treatment records. Dr. Jefferson treated Claimant for a painful right breast from a boil on September 23, 2008 (Tr. 278-79), cancelled appointment on May 28, 2008 (Tr. 280-81), swollen right side of Claimant's face and sinusitis on March 25, 2008 (Tr. 284-85), and right upper

7

quadrant pain on February 28, 2008 which resulted in an impression of a "normal radionuclide hepatobiliary scan." (Tr. 293). From a review of these records, this Court must conclude that Dr. Jefferson's subsequent conclusions of extensive disability reflected on the Attending Physician's Statements are not supported by her treatment records which provides support for the ALJ's ultimate conclusion on this point.

The Court next looks to whether support exists in the medical record from other sources. As this Court discussed in its prior findings, on June 5, 2000, Claimant was evaluated by Dr. J. Michael Stadefer. He diagnosed her with L1-2 disc protrusion with attendant focal canal stenosis, facet arthropathy, and clear-cut foraminal stenosis on the left side. (Tr. 350). Claimant had a longstanding history of back problems stemming back to her early 20's when she fell off of a cotton picker and fractured her back. (Tr. 323). On December 22, 2000, Claimant underwent surgery with a fusion from T-11 through L-3. (Tr. 324).

In September of 2005, Claimant came under the care of Dr. Csaba Kiss. Dr. Kiss diagnosed Claimant with diabetes mellitus, type II, chest pain syndrome, hypertension, hyperlipidemia, GERD, and chronic sinusitis. (Tr. 194). In November of 2005, Claimant was diagnosed by Dr. Kiss with carpal tunnel syndrome, depression, fluid retention, and asthma attacks. (Tr. 192). In September of

2006, Dr. Kiss diagnosed Claimant with diabetes mellitus, type II, hypertension, asthma, chronic low back pain, secondary to degenerative joint and disc disease and spinal stenosis, dyslipidemia, and depression. (Tr. 190).

On December 19, 2006, Claimant was also evaluated by Dr. Ronald Schatzman. He diagnosed Claimant with diabetes mellitus, low back pain status post surgery with hardware placed still with pain and limited movements, ponderous and careful gait such that she would benefit from a walking aid, no sensation in stocking distribution up to her knees, arrhythmia by history, and obesity. (Tr. 210).

On May 21, 2008, Claimant was evaluated by Dr. Arthur Johnson complaining of upper and lower back pain. Dr. Johnson diagnosed Claimant with lumbago, radiculopathy, degenerative disease of the lumbar spine, and post surgical changes. X-rays revealed good alignment of vertebral bodies with hardware spanning T-11 through L3 levels. In the lumbar spine, there was good preservation of vertebral body height as well as good preservation of disc space height with some disc space narrowing at the L-1/L-2 level. Evidence of significant degenerative changes at the facet joints were noted at L-4/L-5. He prescribed physical therapy and medication for her condition. (Tr. 324).

On January 3, 2007, Claimant underwent a consultative

examination by Dr. Carmen Bird. Dr. Bird restricted Claimant to occasionally lifting/carrying 10 pounds; frequently lifting/carrying less than 10 pounds; standing and/or walking 2 hours in an 8 hour workday; sitting for 6 hours in an 8 hour workday; and unlimited pushing/pulling. (Tr. 216). Dr. Bird placed no other restriction upon Claimant.

A Psychiatric Review Technique form was completed on Claimant by Dr. Laura Lochner on April 13, 2007. Dr. Lochner found Claimant suffered from the non-severe conditions of Affective Disorders and Anxiety-Related Disorders. (Tr. 223). She determined that Claimant had mild limitations on her activities of daily living; maintaining social functioning; and maintaining concentration, persistence, or pace. (Tr. 233).

Dr. Lochner found Claimant's depression and anxiety did not impair her ability to function. Her I.Q. was estimated as average at 90 or higher. (Tr. 235).

As noted by the ALJ, the functional limitations found by these physicians are accommodated by and consistent with his RFC of sedentary work. Certainly, nothing in these clinical findings supports the extent of debilitating limitations found by Dr. Jefferson. In sum, this Court finds no error in the ALJ's consideration, weighing, and assessment of Dr. Jefferson's opinions represented in the Attending Physician's Statements.

**RFC Determination**

In his decision, the ALJ found Claimant suffered from the severe impairments of status post remote low back surgery, carpal tunnel syndrome, and diabetes with diabetic neuropathy. (Tr. 367). He concluded Claimant could perform a full range of sedentary work except that she could stoop, crouch, crawl, kneel, balance, and climb stairs only occasionally, she was unable to climb ladders, and she was unable to engage in activities requiring constant use of the hands for repetitive tasks such as keyboarding. (Tr. 371). Based upon the testimony of the vocational expert testifying at the administrative hearing, the ALJ found Claimant could perform such jobs as document preparer (referred to by the ALJ in his decision as a "document disorder"). (Tr. 382).

Claimant first contends the ALJ failed to consider her hand limitations. The ALJ adequately accommodated Claimant's hand limitations in his RFC evaluation by limiting her in engaging in the constant use of her hands.

Claimant next states the ALJ failed to consider her sitting limitations. Claimant is correct that sedentary work generally requires a person to sit up to 6 hours in an 8 hour workday. No medical evidence has been identified in the record which would limit Claimant to less than this requirement.

11

Claimant also asserts the ALJ failed to consider the side effects of her medication. While Claimant did state that her medication made it unsafe for her to drive and made her sleepy, the medical record does not document these as limitations upon her ability to function or work. No error is found in the ALJ's failure to include this limitation in his RFC assessment.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED.**

IT IS SO ORDERED this 30th day of July, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE